---

(110 App. Div. 713.)

### SARASOHN v. KAMARKY et al.

### KAMARKY et al. v. SARASOHN et al.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

PARTNERSHIP—DISSOLUTION BY DEATH OF PARTNER—APPOINTMENT OF RECEIVER.

　　On motion for the appointment of a receiver of firm assets, consisting of a newspaper business, pending suits against and by the surviving partners, it appeared that the surviving partners showed a disposition to further their own interests in a sale of the business in disregard of the rights of the representative of the deceased partner by refusing information to persons intending to buy and in claiming that a sale would be a formal proceeding to cut off the interests of the deceased partner, and by representing that they intended to buy and would not allow any one else to buy except at an exorbitant price. It did not appear that any financial loss would ensue by postponing a sale until after the trial of the actions. *Held*, that the court properly refused to appoint a receiver before the termination of the actions, since if the surviving partners should be permitted to bid, the sale must then be conducted by a receiver with authority

to inform all intended buyers of the exact condition of the business, and with power to prevent the surviving partners from taking advantage over other bidders.

Appeal from Special Term, New York County.

Actions by Abraham H. Sarasohn against Rebecca Kamarky and others and by Leon Kamarky and another, surviving members of the firm of Sarasohn & Son, against Bertha Sarasohn, administratrix of Abraham H Sarasohn, deceased, and another. From so much of an order as denied motions for the appointment of a receiver of the firm assets, and for a direction to take an accounting thereof, and to sell the same, plaintiff in the first action, and defendants in the second action, appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Edward W. S. Johnston, for appellants.

G. H. Engelhardt, for respondents.

LAUGHLIN, J. The copartnership firm of Sarasohn & Son was composed of the plaintiffs in the second entitled action and the intestate of the defendants therein, each owning a one-third interest. The first entitled action is for specific performance of a contract between the plaintiff therein and his father, the deceased member of the firm, whereby the latter, for a valuable consideration, promised and agreed to provide for his son, the plaintiff, "by certain monthly allowances, and by will, which would devise to him a one-fourth interest in the real estate known as 'No. 185 East Broadway,' and also a one-fourth interest in the business of publishing the 'Jewish Daily News' and the 'Jewish Gazette' owned and published by the firm, and in the profits and business of the firm, and also twenty-five thirty-thirds of a one-third interest in and to eighty-seven shares of the capital stock of the Jewish Press Publishing Company." That action was brought against the surviving partners, who are the brother and brother-in-law of the plaintiff therein, and against the widow, heirs, and next of kin of the decedent. Part of the order, not appealed from, directs that the personal representatives of the decedent, who were appointed subsequent to the commencement of the action, be brought in as parties defendant. They are the widow as administratrix and the plaintiff as administrator.

The second entitled action is brought by the surviving partners against the personal representatives for a decree appointing a referee to conduct the sale of the copartnership assets, and granting the surviving partners leave to bid on the sale. The decedent died on the 12th day of January, 1905. The business was prosperous. It has been continued by the surviving partners with increasing profit. The plaintiff in the first action and the defendants, the personal representatives of the decedent, in the second, complain of the conduct of the surviving partners in thus continuing instead of liquidating the business. The surviving partners offer as an excuse that it is to the mutual interest of all parties that the business be sold as a going concern, and that since they are familiar with it, and are desirous of buying and continuing it, they awaited the appointment of the personal representa-

tives, for the purpose of bringing the second action to have the sale conducted by a referee to be appointed by the court, and to obtain leave of the court to enable them to lawfully purchase the business, which, being fiduciaries, they could not do otherwise. The appointment of the administrator and administratrix and the issuance of letters to them were delayed until the 21st day of June, 1905, owing to a contest over the probate of an alleged will of the decedent. In the instrument which was offered for probate as a last will and testament, the decedent attempted, partially at least, to comply with his agreement with his son. Its probate was defeated on an objection filed by one of the surviving partners upon the ground that it was not duly executed. The action by the surviving partners was commenced the day after the personal representatives of the decedent were appointed. The defendants in the second action set up three counterclaims of the following nature: (1) For an accounting by the surviving partners for their acts as agents of the decedent in conducting the business for him prior to the formation of the copartnership on the 22d day of January, 1900; (2) for their acts as copartners during the existence of the firm; and (3) for an accounting for their acts in conducting the business since the death of the deceased member, and for the appointment of a receiver of the assets of the firm.

The conduct of the surviving partners in thus continuing the business as if it were their own, and other acts of theirs in refusing information to persons representing themselves as intending bidders when the assets are to be sold—except the bare information that the profits are $50,000 per annum; and in claiming that the sale will be a mere formal proceeding to cut off the interests of decedent and rendered necessary by the death of the decedent, but that they intend to purchase the property and continue the business, and will not allow it to be sold to any one else except for an exorbitant price, and declining to recognize the rights of the plaintiff in the first action, or to give him either individually or as administrator access to the firm books, or information concerning the business and assets, are set up as a defense to the action, and as showing the necessity for the appointment of a receiver. The motion for the appointment of the receiver was made jointly by the plaintiff in the first, and the defendants in the second action; and before the trial of the issues in either. The moving affidavits show a disposition on the part of the surviving partners to further their own interests in a sale of the assets, in disregard of the rights of the representatives of the deceased partner; and those affidavits are neither overcome nor met by the respondents. A suggestion was made by counsel upon the argument in the points, as to the disposition made on the trial of the issues in the second action; but we must decide this appeal upon our view of the law as applied to the facts presented by the record.

On the papers before us, it quite satisfactorily appears that if the surviving partners are to be permitted to bid on the sale of the assets, a receiver, and not a referee, should be appointed. It is difficult to perceive how a referee could confer title on a purchaser. It could only be done as agent of the surviving partner. It is manifest that no person can bid intelligently on the sale of a newspaper business, and

especially one of the magnitude and value of this, without accurate information as to its circulation, the nature and extent of its subscription and advertising contracts, and the expenses of operation and the gross receipts. If a referee were appointed, he could only furnish such information as he may receive from the surviving partners; but a receiver would take possession of the plant and property, and could furnish reliable information on any point desired by intending bidders. The property is not of a perishable nature, however, and it does not satisfactorily appear that any financial loss will ensue by postponing a sale of the assets until after the trial of the issues and a decision thereon. There is no proof of any conduct on the part of the surviving partners that is likely to affect the assets in their value prior to the sale; nor does it appear that they are not financially responsible. Any erroneous information or impression they may have given or may give intending bidders concerning the sale, will be corrected, we think, when it is decided that if they are to be permitted to bid, the sale must be conducted by an officer of the court clothed with authority to see to it that they have no advantage over other bidders.

It follows that the order should be affirmed, with $10 costs, and disbursements. All concur.